F I L E D
CLERK OF COURT

2025 MAR 17 PM 4: 36

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | ) CRIMINAL CASE NO. **CM0137-21** <br> ) GPD Report No. 21-12364 <br> ) <br> ) CRIMINAL CASE NO. **CF0513-21** <br> ) GPD Report No. 21-25457 <br> ) |
| vs. | |
| **JUSTIN SABLAN BREL,** <br> DOB: 01/13/1997 | ) <br> ) **DECISION & ORDER** <br> ) **RE. PEOPLE'S MOTION TO REVOKE** <br> ) **DEFENDANT'S PROBATION** <br> ) |
| Defendant. | ) |

This matter came before the Honorable Alberto E. Tolentino on December 17, 2024, for a Revocation Hearing. Defendant Justin Sablan Brel ("Defendant") was present with counsel Alternate Public Defender Peter Santos. Assistant Attorney General Matthew Wermager was present for the People of Guam ("People"). During the hearing, the court heard the parties' arguments on the People's Motion to Revoke the Defendant's Probation ("Motion"). Following the hearing, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.l(e)(6)(A) and CR 1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefings, oral arguments, and the applicable law, the court now issues this Decision and Order **GRANTING** the People's Motion to Revoke the Defendant's Probation.

\\

\\

On May 22, 2021, Defendant Sablan was charged via Magistrate's Complaint for the following offenses: (1) CRIMINAL MISCHIEF (As a Misdemeanor); and (2) HARASSMENT (As a Petty Misdemeanor). *See* Magistrate's Compl. (May, 22, 2021). That same day, the court granted his release on conditions set forth by the court. *See* Order (May 22, 2021). In total, the Defendant received eight violations in CM0137-21 and four violations in CF0513-21.

**A. Defendant Brel's Violations on Pre-Trial Release**

While on pre-trial release, the Adult Probation Office ("Probation") filed three violations against the Defendant. For the first violation, the report indicated that:

1. The defendant failed to process for Pretrial Intake with the Probation Office. The defendant was ordered by the Court to process with the Probation Office by 10:00am on May 24, 2021 following his release. The defendant failed to report by this date.

2. The defendant was ordered to report to the Probation Office three times per week. The defendant failed to report as ordered. It is noteworthy to mention that numerous attempts were made to contact the defendant but remained unsuccessful. To date, the defendant has never reported to the Probation Office.

1st Violation Report (June 14, 2021). The court issued a Summons for his appearance at his next court hearing after the Defendant failed to appear for his Arraignment Hearing on June 18, 2021. *See* Arraignment H'rg Mins. at 9:26:43AM (June 18, 2021). For the second violation, the report indicated that:

The defendant failed to comply with his House Arrest condition. On July 22, 2021, the undersigned Probation Officer attempted to contact the defendant but was unsuccessful. The undersigned Probation Officer spoke with the defendant's mother, Joanne Sablan, who stated the defendant was not home at the time. She stated that he was doing "sideline work" with his uncle in the village of Yigo. It is noteworthy to mention that the defendant has failed to process with the Probation Office since his release and fails to report as ordered.

2nd Violation Report (July 22, 2021).

At the continued Arraignment Hearing, the court had to issue another Summons for his second failure to appear. *See* Arraignment H'rg Mins. at 9:46:13AM (July 23, 2021). The Defendant was eventually arraigned on August 27, 2021, and was instructed by Probation to check in. *See* Arraignment H'rg Mins. at 8:48:27AM (Aug. 27, 2021). On October 12, 2021, the court issued a warrant for the Defendant's arrest. *See* Warrant (Oct. 12, 2021). Before releasing the Defendant on October 20, 2021, the court admonished the Defendant for his violations of probation. *See* Return of Warrant H'rg Mins. at 9:41:58AM (Oct. 20, 2021). Probation filed a third violation against the Defendant a day after the court released him from the Department of Corrections. For the third violation, the report indicated that:

> The defendant failed to obey all laws of Guam. On October 18, 2021, the defendant appeared before the Honorable Jonathan R. Quan, Magistrate Judge, Superior Court of Guam, and was charged with Terrorizing (as a 3rd Degree Felony) *Special Allegation or Use of a Deadly Weapon in the Commission of a Felony*, Criminal Mischief (as a Misdemeanor), Violation of a Court Order (as a Misdemeanor), and Harassment (as a Petty Misdemeanor) in CF0513-21. The defendant was subsequently detained on a $3,000.00 cash only bail.

3rd Violation Report (Oct. 21, 2021). On March 28, 2022, the court accepted the Defendant's globalized guilty plea as to the following charges in CM0137-21 and CF0513-21: in CF0137-21, the First Charge of CRIMINAL MISCHIEF (As a Misdemeanor) and FAMILY VIOLENCE (As a Misdemeanor) via an Information; and in CF0513-21, the Third Charge of VIOLATION OF A COURT ORDER (As a Misdemeanor). *See* Judgment (Apr. 6, 2022).

## B. Defendant Brel's Violations Post-Judgment

Since the court's acceptance of the Defendant's guilty plea, the Defendant received three more violations from Probation. For the first violation, the report indicated that:

> 1. Probationer failed to attend his intake appointment at Client Services and Family Counseling on April 15, 2022 and August 29, 2022.
> 2. Probationer failed to report to Guam Behavioral Health and Wellness Center for an intake for a drug and alcohol assessment.

3. Probationer failed to make monthly payments to his $250.00 fine and $80.00 court costs. No payments have been made.
4. Probationer failed to perform community service 200 service hours. No hours have been received.
5. Probationer failed to report to the probation office monthly, he last reported on September 26, 2022.

1st Violation Report (Dec. 22, 2022). For the second violation, the report indicated the Defendant's:

1. Failure to obey all the laws of Guam. On February 6, 2023, the Probationer was arrested on new charges: Criminal Mischief (AS a Misdemeanor), referencing case number CM0057-23. On February 8, 2023, the Probationer appeared before the Honorable Jonathan R. Quan for a Magistrate Hearing. Subsequently, he was committed on a $1000.00 cash bail.
2. Failure to stay away and have no contact from the victim in this case, namely Jordan Brel. On February 6, 2023, Probation Officers conducted a home visit/wellness check to 138 Tun Bihu Street, Chalan Pago home to the named victim in this case, Jordan Brel. At the residence, Officers met with Joan Santos Sablan and she indicated that the victim was not home at the moment. She further stated that earlier in the day, Justin Brel was causing issues in the home and breaking items. Probation Officers noted that the Defendant is violating his court ordered condition of staying away from the victim in the case, due to the home being the place of residence of victim Jordan Brel.

2nd Violation Report (Feb. 10, 2023). For the third violation, the report indicated that the:

1. Probationer failed to attend his intake appointment at Client Services and Family Counseling on April 15, 2022 and August 29, 2022.
2. Probationer failed to report to Guam Behavioral Health and Wellness Center for an intake for a drug and alcohol assessment.
3. Probationer failed to make monthly payments to his $250.00 fine and $80.00 court costs. No payments have been made.
4. Probationer failed to perform community service 200 service hours. No hours have been received.
5. Probationer failed to report to the probation office monthly, he last reported on May 15, 2023 via telephone.

3rd Violation Report (Aug. 7, 2023).

Due to his absence at a scheduled Progress Hearing, the court issued a bench warrant against the Defendant. *See* Progress H'rg Mins. at 2:20:14PM (Oct. 24, 2023). On July 23, 2024,

the warrant was returned after the Guam Police Department arrested the Defendant "on new charges (Terrorizing and Family Violence)." Return of Warrant Service (July 23, 2024).

The People filed its Motion to Revoke the Defendant's Probation and Impose Jail Sentence ("Motion to Revoke") on September 4, 2024. The Defendant subsequently filed his Opposition to the Motion to Revoke ("Opposition") on September 18, 2024.

During the Defendant's first Revocation Hearing on October 29, 2024, the court ordered that Client Services and Family Counseling Division arrange a Forensic Evaluation upon the Defendant's request. *See* Revocation H'rg Mins. at 10:03:54AM (Oct. 29, 2024). The parties acknowledged their receipt of the Forensic Evaluation in the Defendant's Status Hearing held on November 20, 2024.

At the recent Revocation Hearing on December 17, 2024, Probation recommended revocation after addressing his violations and outstanding conditions. *See* Rev. H'rg Mins. at 2:26:54 – 30:36PM (Dec. 17, 2024). After the People's concurrence with Probation's recommendation, the Defendant requested that he not be revoked at this time. *Id.* at 2:30:55 – 33:44PM. But if the court felt inclined to revoke his probation, he asked that the court not impose the full sentence allowable under statute. *Id.* After hearing the parties' arguments, the court took the matter under advisement.

## DISCUSSION

If the court finds that the Defendant has "inexcusably failed to comply with a substantial requirement imposed as a condition of the order," it may revoke probation and sentence or resentence the offender. 9 GCA § 80.66(a)(2). If a court chooses to revoke probation, the court may sentence the defendant to any sentence that it may have originally imposed. 9 GCA § 80.66(b). However, it shall not revoke probation for a defendant's violation of a condition unless

the court determines that revocation "will best satisfy the ends of justice and the best interests of the public" under all circumstances. 9 GCA § 80.66(a)(2).

The Supreme Court of Guam held that "probation is a favor granted by the state, not a right to which a criminal defendant is entitled." *People v. Camacho*, 2009 Guam 6 ¶ 26 (quoting *Parker v. State*, 676 N.E.2d 1083, 1085 (Ind. Ct. App. 1997)). To revoke a defendant's probation, the court must make two determinations. First, the court must "make a factual determination that a violation of a condition of probation has actually occurred." *Camacho*, 2009 Guam 6 ¶ 27 (quoting *Parker*, 676 N.E.2d 1083 at 1085). If the violation is proven, then the court must "determine if the violation warrants revocation of probation." *Id.*

**C. Defendant Brel violated the conditions of his probation.**

The standard for determining whether a probationer violated a condition of probation is that "the evidence and the facts be such as reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *Camacho*, 2009 Guam 6 ¶ 30 (quoting *People v. Angoco*, 1998 Guam 10 ¶ 7). When facing revocation, "the defendant bears the burden of showing an excuse for failure to comply with the condition." *Id.* (quoting *State v. Peters*, 609 A.2d 40, 43 (N.J. 1992)).

In this case, the Defendant accumulated nine violations. However, three of the nine violations were the same violation reports filed in both CF0513-21 and CM0137-21. The court can factually determine that all these violations actually occurred after reviewing the court's record of events. For instance, the court's record indicates several times that the Defendant failed to appear for required court hearings, which at times, would result in the court's issuance of a warrant. The court can also make a factual determination that the violations occurred from Probation's testimony on the Defendant's history with probation since March 2022. Based on the

violation reports, Probation's testimony at the Revocation Hearing, and the parties' arguments, the court finds that the Defendant has violated multiple conditions of his probation on several occasions.

## B. Defendant Brel's violations warrant revocation of probation.

With regard to probation revocation, the Supreme Court of the United States has noted that "the State clearly has an interest in punishment and deterrence, but this interest can often be served fully by alternative means . . . [T]he state is not powerless to enforce judgments against those financially unable to pay a fine. For example, the sentencing court could extend the time for making payments, or reduce the fine, or direct that the probationer perform some form of labor or public service in lieu of the fine." *Bearden v. Georgia*, 461 U.S. 660, 671–72 (internal citations and quotations omitted).

As mentioned earlier, the court may revoke probation if it finds that the probationer has "inexcusably failed to comply with a substantial requirement imposed as a condition of the order." 9 GCA § 80.66(a)(2). In other words, a probationer's violation of probation warrants revocation when the violation upsets the intent of the probation conditions. In *Camacho*, the Supreme Court of Guam held that the probationer's failure to report for drug testing was serious enough to warrant revocation when considering the condition being violated was treatment. *Camacho*, 2009 Guam 6 ¶ 32. Despite not paying the fine as required under probation, the Supreme Court of Guam reasoned that failure to pay a fine alone was not as serious as not reporting for drug tests, because the defendant was convicted of drug-related offenses and had drug testing listed as a probation of condition to ensure the defendant remained sober. *Id.*

Unlike the probationer in *Camacho*, all conditions in this case remain outstanding: fine, court costs, community service, and treatment. During the Revocation hearing, the Defendant,

through his counsel, conceded that there was nothing he could honestly say to argue against revocation. *See* Rev. H'rg Mins. at 2:30:55 – 33:44PM (Dec. 17, 2024). However, the Defendant asked the court to consider his upbringing and history when deciding a sentence to impose. *Id.*

Although treatment is not the substantial requirement imposed as a condition for the Defendant like in *Camacho*, the substantial requirement in *both* CM0137-21 and CF0513-21 was for the Defendant to stay away from the named victim. Over the past four years, the court gave the Defendant multiple opportunities before considering revocation, such as releasing the Defendant from confinement to complete his conditions and follow the Stay-Away order. Instead, the Defendant violated the Stay-Away order of the court; and picked up new criminal matters as a result. He also absconded from the court for about nine months based on the most recent warrant that was returned on July 23, 2024.

Unless the court determines that revocation "will best satisfy the ends of justice and the best interests of the public" under all circumstances, the court shall not revoke probation for violating a probationary condition. 9 GCA § 80.66(a)(2). The court acknowledges that his last violation and warrant were both filed back in 2023. Although it has been two years since the Defendant has violated his probation, it is unclear whether that is based on a positive change in attitude or if it is due to his confinement at the Department of Corrections since he was committed on July 23, 2024. The Defendant did not make this clear at his Revocation hearing. The court is not convinced that the Defendant is ready to change and accept responsibility for his criminality in both cases. Because the Defendant has inexcusably failed to comply with treatment as a substantial condition of his probation, the court finds that revocation of the Defendant's probation will best satisfy the ends of justice and the best interests of the public. Therefore, the court grants the People's Motion to revoke the Defendant's probation.

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** the Defendant's probation in the above-captioned matter. The Court shall issue a Judgment concurrent with this Decision and Order revoking the Defendant's probation, and imposing the remainder of the Defendant's sentence.

No further proceeding is scheduled before this court.

**SO ORDERED** this _____ MAR 17 2025 _____ .



HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam

**SERVICE VIA EMAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

*AG , APD*

Date: 3/17/25  Time: 11:53 pm

Antonio Cruz
Deputy Clerk, Superior Court of Guam